# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| **NUTRAMAX LABORATORIES, INC.,** | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:24-cv-146-GNS |
| v. | ) |
| | ) |
| **DIGITAL INCORPORATIONS LLC** | ) **JURY TRIAL DEMAND** |
| **D/B/A GOSUPPS.COM** | ) |
| | ) |
| SERVICE ADDRESS: | ) |
| MOHAMMAD HAMMOUDI | ) |
| 2666 State Street, Suite A-7 | ) |
| Hamden, CT  06517 | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nutramax Laboratories, Inc. (hereinafter "Plaintiff" and/or "Nutramax") files this Complaint for Patent Infringement and Demand for Jury Trial against Defendant Digital Incorporations LLC d/b/a GoSupps.com (hereinafter "Defendant" and/or "GoSupps.com") for infringement of one or more of United States Patent No. 10,583,178 ("the '178 Patent"), United States Patent No. 10,960,057 ("the '057 Patent"), and United States Patent No. 11,654,186 ("the '186 Patent") (hereinafter "Asserted Patents").

## THE PARTIES

1. Plaintiff Nutramax is a corporation organized and existing under the laws of South Carolina and located at 946 Quality Drive, Lancaster, South Carolina 29720.

2. Defendant GoSupps.com is a business entity that operates an online storefront at GoSupps.com and who -- without authority -- offers to sell and sells within the United States, and

on information and belief, makes and uses in, and/or imports into, the United States a Liposomal Sulforaphane product sold under the Osasuna® brand (hereinafter the "Accused Product") that infringes the Asserted Patents.

## JURISDICITION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 154, 271, 281, and 283-285.

4. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338.

5. Defendant GoSupps.com operates an online storefront at GoSupps.com that knowingly targets customers located within this Judicial District.

6. As shown by the attached receipt, the Accused Product was recently purchased from the GoSupps.com e-commerce store by, and shipped to, a customer in Kentucky. **(Ex. 1).**

7. As shown by the attached image of the product packaging of Accused Product, the Accused Product was exclusively manufactured for Osasuna® at Cleveland Ave., 1001, Glasgow, KY 42141. **(Ex. 2)**.

8. At least by way of the above-identified activities, GoSupps.com has been and is purposefully directing an offer for sale and sale, and on information and belief, manufacture and import, of Accused Product to Kentucky residents.

9. In addition, the Court has personal jurisdiction over the GoSupps.com because GoSupps.com is involved in the chain of import, manufacture, sale and/or use of Accused Product emanating from Kentucky and, separately, purposefully directing sales of Accused Product to residents of Kentucky.

10. At least by way of the above-listed activities, GoSupps.com is engaged in interstate commerce and has wrongfully caused Nutramax harm in Kentucky.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because: (i) the Accused Product is self-identified as having been manufactured or imported into this Judicial District; and/or (ii) GoSupps.com has committed acts of infringement in this District by importing, manufacturing, offering to sell, selling, distributing and/or setting up Internet store fronts to sell Accused Product to residents located within this District.

## **PLAINTIFF NUTRAMAX**

12. Nutramax and its related companies are dedicated to the research and development of the highest quality products in the nature of supplements to support health and wellness. Nutramax is proud to be the industry leader in setting and adhering to strict standards for manufacturing and quality in the field of supplements.

13. Nutramax through related companies offers a wide array of supplements, and firmly believes that its supplements should be backed by scientific research. The strong commitment of Nutramax to research is evident from, among other things, a state-of-the art research facility.

14. To ensure it is offering safe and effective supplements, Nutramax regularly conducts research and/or studies on its own products. Many of these studies have been published and/or presented in medical, veterinary, and other health-related journals and publications. Nutramax also conducts studies relating to efficacy, bioavailability, and safety.

15. In addition to cutting-edge research and development, Nutramax has been successful in obtaining intellectual property protection for its supplements, including a large portfolio of domestic and foreign patents.

## THE '178 PATENT

16. By written assignment from the inventors, Brian Cornblatt, Grace Cornblatt, Anton Bzhelyansky, and Robert Henderson, Nutramax is the owner of all right, title, and interest in and to the '178 Patent, entitled "Compositions comprising sulforaphane or a sulforaphane precursor and a mushroom extract or powder," including the right to sue for all past, present, and future infringement. **(Ex. 3)** (A true and correct copy of the '178 Patent).

17. The '178 Patent issued from U.S. Patent Application No. 15/244,374 (the "'374 Application"), filed on August 23, 2016.

18. The '374 Application is a continuation of application No. 14/586,765 (the "'765 Application"), filed on December 30, 2014.

19. The '765 Application is a continuation of International Application No. PCT/US2013/049248, filed July 3, 2013, which claims priority to: (i) U.S. Provisional Patent Application No. 61/668,328, filed on July 5, 2012; (ii) U.S. Provisional Patent Application No. 61/668,342, filed on July 5, 2012; U.S. Provisional Patent Application No. 61/668,386, filed on July 5, 2012; (iii) U.S. Provisional Patent Application No. 61/668,396, filed on July 5, 2012; (iv) U.S. Provisional Patent Application No. 61/668,364, filed on July 5, 2012; (v) U.S. Provisional Patent Application No. 61/668,374, filed on July 5, 2012; and (vi) U.S. Provisional Patent Application No. 61/794,417, filed on March 15, 2013.

20. The United States Patent Office issued the '178 Patent on March 10, 2020, after a full and fair examination.

21. The '178 Patent is valid and enforceable.

22. As granted, claim 14 of the '178 Patent reads:

> *14. An orally administrable composition comprising a synergistic combination of:*

*a sulforaphane or sulforaphane derivative; and
a glucan.*

## THE '057 PATENT

23. By written assignment from the inventors, Brian Cornblatt, Grace Cornblatt, Anton Bzhelyansky, and Robert Henderson, Nutramax is the owner of all right, title, and interest in and to the '057 Patent, entitled "Compositions comprising sulforaphane or a sulforaphane precursor and a mushroom extract or powder," including the right to sue for all past, present, and future infringement. **(Ex. 4)** (A true and correct copy of the '057 Patent).

24. The '057 Patent issued from U.S. Patent Application No. 14/412,191 (the "'191 Application"), which entered the national stage based on International Application No. PCT/US2013/049248 (the '248 Application) on July 3, 2013.

25. The '248 Application claims priority to: (i) U.S. Provisional Patent Application No. 61/668,328, filed on July 5, 2012; (ii) U.S. Provisional Patent Application No. 61/668,342, filed on July 5, 2012; U.S. Provisional Patent Application No. 61/668,386, filed on July 5, 2012; (iii) U.S. Provisional Patent Application No. 61/668,396, filed on July 5, 2012; (iv) U.S. Provisional Patent Application No. 61/668,364, filed on July 5, 2012; (v) U.S. Provisional Patent Application No. 61/668,374, filed on July 5, 2012; and (vi) U.S. Provisional Patent Application No. 61/794,417, filed on March 15, 2013.

26. The United States Patent Office issued the '057 Patent on March 30, 2021, after a full and fair examination.

27. The '057 Patent is valid and enforceable.

28. As granted, claim 1 of the '057 Patent reads:

*1. An orally administrable composition comprising a broccoli extract or powder and one or both of a maitake and a shiitake mushroom extract or powder, the orally administrable composition being formulated*

> *to provide synergistically effective amounts of one or both of a sulforaphane and a sulforaphane precursor and one or more glucans, wherein the one or both of the sulforphane and the sulforaphane precursor and one or more glucans are provided to a subject in need thereof in amounts synergistically effective to at least increase levels and/or gene expression of NAD(P)H:quinone oxidoreductase 1 (NQO-1).*

## **THE '186 PATENT**

29. By written assignment from the inventors, Brian Cornblatt, Grace Cornblatt, Anton Bzhelyansky, and Robert Henderson, Nutramax is the owner of all right, title, and interest in and to the '186 Patent, entitled "Compositions comprising sulforaphane or a sulforaphane precursor and a mushroom extract or powder," including the right to sue for all past, present, and future infringement. **(Ex. 5)** (A true and correct copy of the '186 Patent).

30. The '186 Patent is a continuation patent application of U.S. patent application Ser. No. 15/244,374 filed on August 23, 2016, which is a continuation patent application of U.S. patent application Ser. No. 14/586,765 filed on December 30, 2014, which is a continuation of International Application No. PCT/US2013/049248 ("the '248 Application") filed on July 3, 2013.

31. The '248 Application claims priority to: (i) U.S. Provisional Patent Application No. 61/668,328, filed on July 5, 2012; (ii) U.S. Provisional Patent Application No. 61/668,342, filed on July 5, 2012; U.S. Provisional Patent Application No. 61/668,386, filed on July 5, 2012; (iii) U.S. Provisional Patent Application No. 61/668,396, filed on July 5, 2012; (iv) U.S. Provisional Patent Application No. 61/668,364, filed on July 5, 2012; (v) U.S. Provisional Patent Application No. 61/668,374, filed on July 5, 2012; and (vi) U.S. Provisional Patent Application No. 61/794,417, filed on March 15, 2013.

32. The United States Patent Office issued the '186 Patent on May 23, 2023, after a full and fair examination.

33. The '186 Patent is valid and enforceable.

34. As granted, claim 16 of the '186 Patent reads:

> 16. *An orally administrable composition comprising a synergistic combination of:*
> *a sulforaphane or sulforaphane derivative; and*
> *a glucan;*
> *the combination having a ratio of sulforaphane or sulforaphane derivative:glucan of from about 50:1 to about 1:50.*

## **DEFENDANT'S INFRINGEMENT**

35. GoSupps.com offers to sell and sells, and upon information and belief, develops, manufactures, uses, and imports nutritional supplements including the Accused Product within the United States and more specifically Kentucky.

36. GoSupps.com offers to sell and sells, and upon information and belief, develops, manufactures, uses, and imports Accused Product, which is an orally administrable composition comprising a synergistic combination of a sulforaphane or sulforaphane derivative and a glucan, falling within the scope of at least claim 14 of the '178 Patent, at least claim 1 of the '057 Patent, and at least claim 16 of the '186 Patent.

37. The Accused Product has been offered for sale in the United States, including by way of at least the following online storefront operated by Defendant:

> GoSupps.com (https://www.gosupps.com/catalogsearch/result/?q=sulforaphane) (the "GoSupps Storefront") **(Ex. 6.)**

38. Defendant has not obtained a license under any of the Asserted Patents and is not authorized or permitted to market, manufacture, perform, offer for sale, or sell any of the inventions claims in any of the Asserted Patents.

39. Further, Defendant's infringement is knowing and willful. Nutramax previously notified Defendant of the '178 Patent and the specific infringement by the Accused Product. Specifically, Nutramax sent Defendant a notice letter on October 31, 2024 (hereinafter the "Asserted Patents Notice Letter") providing Defendant with Notice of the Asserted Patents and Defendant's infringement. A copy of the Asserted Patents Notice Letter is attached hereto as **Ex. 7**. Notwithstanding the Notice Letter, Defendant continued to sell Accused Product.

## COUNT I
## (PATENT INFRINGEMENT)

40. Nutramax repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

41. GoSupps.com has offered for sale and sold in the United States Accused Product that directly infringes at least claim 14 of the '178 Patent, at least claim 1 of the '057 Patent, and at least claim 16 of the '186 Patent. Specifically, the Accused Product is an orally administrable composition comprising a synergistic combination of a sulforaphane or sulforaphane derivative and a glucan (in the form of maitake mushroom extract), which is confirmed by statements found on the packaging of the Accused Product (Ex. 2) as well as the GoSupps.com Site, a portion of which is shown below (*See* also **Ex. 8**):



42. The GoSupps.com Internet site further stated that "Maitake Mushroom Extract [a glucan] works synergistically with sulforaphane to provide immune support by promoting neutrophil function and natural killer cell activity."

43. Such infringing activities are and have been without authority or license from Nutramax.

44. As a direct and proximate result of such infringement, Nutramax has suffered and will continue to suffer damage.

45. Nutramax is informed and believes that GoSupps.com deliberately failed to avoid infringement of the '178 Patent, despite their knowledge and understanding that the Accused Product infringes at least the '178 Patent. Therefore, GoSupps.com infringement of the '178 Patent is willful and egregious, warranting an enhancement of damages.

46. Nutramax is informed and believes that GoSupps.com acted and continue to act recklessly, willfully, wantonly, deliberately, and egregiously in infringement of the '178 Patent, the '057 Patent, and the '186 Patent justifying an award to Nutramax of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

47. Since at least prior to the time of the alleged acts of patent infringement complained of herein, Plaintiff has complied with the patent marking requirements of 35 U.S.C. 287(a).

48. Nutramax is entitled to recover from GoSupps.com compensation in the form of monetary damages suffered as a result of the aforementioned acts of infringement in an amount that cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

## JURY DEMAND

Nutramax hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Nutramax prays for relief against Defendants GoSupps.com as follows:

(A)  An entry of judgment that Defendant has infringed and is directly infringing one or more claims of the '178 Patent; the '057 Patent, and the '186 Patent.

(B)  An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement;

(C)  An entry of judgment that the '178 Patent, including claim 14 thereof; the '057 Patent, including claim 1 thereof; and, the '186 Patent including claim 16 thereof, is valid and enforceable;

(D)  An order awarding damages sufficient to compensate Nutramax for Defendant's infringement, but in no event less than a reasonable royalty, together with interest and costs;

(E)  A determination that Defendant's infringement has been willful, wanton, deliberate, and egregious;

(F)        A determination that the damages against Defendant be trebled or for any other basis within the Court's discretion pursuant to 35 U.S.C. § 284;

(G)        A finding that this case against Defendant is "exceptional" and an award to Nutramax of its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

(H)        An accounting of all infringing sales and revenues of Defendant, together with post-judgment interest and prejudgment interest from the first date of infringement; and

(I)        Such further and other relief as the Court may deem proper and just.

Dated: December 12, 2024            Respectfully submitted,

/s/ *Andrew D. Dorisio*
Andrew D. Dorisio
DICKINSON WRIGHT PLLC
300 W. Vine St., Ste 1700
Lexington, KY 40507
Telephone: 859-899-8740
Fax: 844-670-6009
adorisio@dickinsonwright.com

H. Jonathan Redway (pro hac to be filed)
DICKINSON WRIGHT PLLC
1825 Eye St. N.W.
Suite 900
Washington, D.C. 20006
Telephone: 202-659-6946
Fax: 844-670-6009
jredway@dickinsonwright.com

*Attorneys for Plaintiff*
*Nutramax Laboratories, Inc.*